**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BRYANT DUANE THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:23-CV-1268-G-BH |
| ) | |
| **BMW BANK OF NORTH** ) | |
| **AMERICA, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I. BACKGROUND

On June 5, 2023, the plaintiff filed this action against the defendants seeking to vacate an arbitration award relating to the purchase and financing of an automobile. (*See* docs. 3-5.) By *Notice of Deficiency and Order* dated June 7, 2023, he was notified that he had neither paid the filing fee or sought leave to proceed *in forma pauperis* (IFP) for a civil action, and he was ordered to either pay the full filing fee or file a fully completed and signed IFP application within fourteen days. (*See* doc. 6.) He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) An IFP application was included with the order. (*See id.*)

On June 13, 2023, the plaintiff filed a document asserting his right to proceed without payment of the filing fee, but he failed to submit a fully completed and signed IFP application as ordered or to otherwise provide the information under oath or penalty of perjury showing that he was

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

entitled to IFP status. (*See* doc. 7.) By *Second Notice of Deficiency and Order* dated June 14, 2023, he was again notified that he had neither paid the filing fee or filed an IFP application, and he was again ordered to either pay the full filing fee or file a fully completed and signed IFP application within seven days. (*See* doc. 9.) He was again specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) An IFP application was again included with the order. (*See id.*)

Well more than seven days from the date of the second notice and order have passed, but the plaintiff has not either paid the filing fee or submitted an IFP application, and he has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, the plaintiff has neither paid the filing fee nor filed an IFP application with the required certificate of inmate trust account as twice ordered, despite warnings that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff either pays the filing fee or files a fully

completed IFP application with the required certificate of inmate trust account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 13th day of July, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE